IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAVID ADKINS**, on behalf of himself and others similarly situated, | ) Case No. <br> ) <br> ) Judge <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) **COLLECTIVE ACTION COMPLAINT** <br> ) |
| **TRADESMEN INTERNATIONAL, LLC,** | ) **JURY DEMAND INCLUDED HEREON** <br> ) |
| Defendant. | ) |

Plaintiff David Adkins ("Representative Plaintiff"), individually, and on behalf of all others similarly situated, by and through his attorneys, files this Complaint against Defendant Tradesmen International, LLC ("Defendant") seeking unpaid wages, including overtimes wages, and all other available relief, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). Based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts or others, Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is an adult citizen of Ohio. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). A Consent to Join form signed by Plaintiff is attached to this Complaint as **Exhibit 1**.

2. Plaintiff brings this action on behalf of himself and on behalf of the following collective class of employees:

> All hourly employees employed by Defendant who traveled to and from jobsites in which an overnight stay was required, but for whom such travel time was neither paid nor counted as hours worked by Defendant for any workweek in which such travel time resulted in hours worked in excess of 40 in the same workweek, at any

time from three years prior to the filing of this Complaint through final disposition of this matter ("Collective Class Members").

3. Plaintiff was employed by Defendant as an hourly, non-exempt employee within the past three years.

4. At all relevant times, Defendant employed the Collective Class Members as hourly non-exempt employees.

5. Plaintiff regularly worked more than 40 hours per workweek.

6. The Collective Class Members regularly worked more than 40 hours per workweek.

7. Plaintiff is a covered employee within the meaning of the FLSA.

8. The Collective Class Members are covered employees within the meaning of the FLSA.

9. Defendant is an Ohio Limited Liability Company. Defendant's principal place of business is located at 9760 Shepard Road, Macedonia, Ohio 44056.

10. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

11. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

12. At all relevant times, the Collective Class Members were Defendant's "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

**JURISDICTION AND VENUE**

13. Plaintiff brings this action on behalf of himself and the Collective Class Members pursuant to 29 U.S.C. § 216(b).

14. At all relevant times, Defendant had employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

15. At all relevant times, Defendant's gross annual sales volume has been in excess of $500,000.

16. Defendant is subject to personal jurisdiction in the State of Ohio because Defendant's principal place of business is in Ohio.

17. Venue is proper in this District and Division because Defendant's principal place of business in located in this District and Division.

## FACTUAL ALLEGATIONS

18. Defendant provides construction services to customers throughout the United States.

19. At all relevant times, Defendant employed Plaintiff to perform the manual tasks associated with its construction projects.

20. At all relevant times, Defendant employed the Collective Class Members to perform the manual tasks associated with its construction projects.

21. At all relevant times, Plaintiff typically worked at least forty (40) hours per workweek.

22. At all relevant times, the Collective Class Members typically worked at least forty (40) hours per workweek.

23. At all relevant times, Plaintiff was required to travel to and from remote jobsites during his normal work hours to work on Defendant's construction projects in various states. These remote jobsites could be located hundreds of miles away from Plaintiff's home communities

24. At all relevant times, the Collective Class Members were required to travel to and from remote jobsites during their normal work hours to work on Defendant's installation projects in various states. These remote jobsites could be located hundreds of miles away from the Collective Class Members' home communities.

25. Plaintiff was required to stay overnight at these remote jobsites.

26. The Collective Members were required to stay overnight at these remote jobsites.

27. Defendant paid for Plaintiff's lodging for overnight jobs only on days that Plaintiff worked. Defendant did not pay for Plaintiff's lodging for non-working days.

28. Defendant paid for the Collective Class Members' lodging for overnight jobs only on days that they Collective Class Members worked. Defendant did not pay for the Collective Class Members' lodging on non-working days.

29. Defendant has a companywide policy and practice of not paying its hourly, non-exempt employees, including Plaintiff and the Collective Class Members, for time spent traveling during their normal work hours to and from remote jobsites that required an overnight stay. This policy and practice violates the FLSA.

30. In addition, Defendant has a companywide policy and practice of not counting as hours worked the time its hourly, non-exempt employees, including Plaintiff and the Collective Class Members, spent traveling during their normal work hours to and from remote jobsites that required an overnight stay. This policy and practice violates the FLSA.

31. The identity of all employees similarly situated to Plaintiff is unknown at this time but is known to Defendant and is contained in Defendant's records.

32. At all material times, Defendant willfully deprived Plaintiff and the Collective Class Members of proper wages, including overtime wages.

33. Defendant knew that Plaintiff and the Collective Class Members were working overtime hours and hours for which they were not compensated at an overtime rate when they traveled to jobsites.

34. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff and the Collective Class Members, is unknown at this time.

35. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

36. Upon information and belief, Defendant did not make, keep or preserve accurate records of the hours worked by Plaintiff and similarly situated individuals; and to the extent records were not lawfully kept, Plaintiff and those similarly situated are entitled to make reasonable estimates of hours worked.

37. Defendant's unlawful conduct has been widespread, repeated, and consistent.

38. Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiff and similarly situated individuals; and because wages remain unpaid, damages continue.

## **COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiff, on behalf of himself and the Collective Class Members, re-alleges and incorporate by reference the above paragraphs as if fully set forth herein.

40. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> All hourly employees employed by Defendant who traveled to and from jobsites in which an overnight stay was required, but for whom such travel time was neither paid nor counted as hours worked by Defendant for any workweek in which such travel time resulted in hours worked in excess of 40 in the same workweek, at any

time from three years prior to the filing of this Complaint through final disposition of this matter ("Collective Class Members").

41. Plaintiff is similarly situated to the Collective Class Members and will prosecute this action vigorously on their behalf.

42. During the relevant time period, Plaintiff and the Collective Class Members were required to travel to and from remote jobsites that required an overnight stay. These jobsites were located away from their home communities. Plaintiff and the Collective Class Members traveled to and from these remote jobsites that required an overnight stay during normal work hours.

43. Pursuant to a companywide policy and practice, Defendant failed to pay Plaintiff and the Collective Class Members for the time the spent traveling during their normal work hours to and from remote jobsites that required an overnight stay. This policy and practice resulted in Plaintiff and the Collective Class Members not being paid all of their overtime compensation.

44. In addition, pursuant to a companywide policy and practice, Defendant failed to count as hours worked the time Plaintiff and the Collective Class Members spent traveling during their normal work hours to and from remote jobsites that required an overnight stay. This policy and practice resulted in Plaintiff and the Collective Class Members not being paid all of their overtime compensation.

45. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint and that included, but is not limited to, failing to pay Plaintiff and the Collective Class Members proper compensation, including overtime compensation, for their overnight travel time.

46. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class Members and, as such, notice of this action should be sent to Collective Class Members.

## **COUNT I - FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA**
**(On Behalf of Plaintiff and the Collective Class Members)**

48. Plaintiff, on behalf of himself and the Collective Class Members, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

49. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

50. Pursuant to the FLSA, when an employee is required to travel away from his or her home community to a place that requires an overnight stay, the travel time during the employee's normal working hours – on both working and non-working days – is compensable and must be counted as hours worked. *See* 29 C.F.R. § 785.39.

51. As employees of Defendant, Plaintiff and the Collective Class Members traveled during their normal work hours to and from remote jobsites that required an overnight stay.

52. Pursuant to a companywide policy and practice, Defendant failed to pay Plaintiff and the Collective Class Members for the time the spent traveling during their normal work hours to and from remote jobsites that required an overnight stay. This policy and practice resulted in Plaintiff and the Collective Class Members not being paid all of their overtime compensation in violation of the FLSA.

53. In addition, pursuant to a companywide policy and practice, Defendant failed to count as hours worked the time Plaintiff and the Collective Class Members spent traveling during their normal work hours to and from remote jobsites that required an overnight stay. This policy

and practice resulted in Plaintiff and the Collective Class Members not being paid all of their overtime compensation in violation of the FLSA.

54. Defendant knew that it was required to pay Plaintiff and the Collective Class for all hours worked over forty in any workweek, including hours spent traveling away from their home communities during normal working hours to remote jobsites in which an overnight stay was required.

55. In spite of such knowledge, Defendant willfully withheld and failed to pay the overtime wages to which Plaintiff and the Collective Class Members are entitled.

56. Defendant knew, or showed reckless disregard for the fact, that it failed to compensate Plaintiff and the Collective Class Members proper overtime wages.

57. Defendant's actions, policies, and practices described herein violate the FLSA's overtime pay provisions by regularly and repeatedly failing to compensate Plaintiff and the Collective Class Members at the required overtime rate for all overtime hours worked, and by systematically failing to maintain records of hours worked.

58. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Collective Class Members have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective Class Members seek damages in the amount of their unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated members of the Collective Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a collective action under the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective;

b. Judgment against Defendant for violation of the FLSA;

c. Judgment that Defendant violated the FLSA willfully and in bad faith;

d. Judgment against Defendant in an amount equal to Plaintiff's and the FLSA Collective's unpaid wages, including overtime wages, at a rate of one and one-half their regular rates of pay, and an equal amount of liquidated damages;

e. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216;

f. Pre- and/or post judgment interest; and,

g. Such further relief as the Court deems just and equitable.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (OH Bar #0074304)
Hans A. Nilges (OH Bar #0076017)
7034 Braucher Street N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all questions of fact raised by the Complaint.

*/s/ Shannon M. Draher*
Shannon M. Draher
*Counsel for Plaintiff*

Case: 5:23-cv-00449-DAP Doc #: 1 Filed: 03/07/23 10 of 10. PageID #: 10